1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case Nos. 21cr1109-H; 21cr1110-H |
|---|---|---|
| Plaintiff, | ) | 21cr1111-H; 21cr1112-H |
| | ) | 21cr1113-H; 21cr1114-H |
| | ) | 21cr1115-H; 21cr1116-H |
| v. | ) | 21cr1117-H; 21cr1118-H |
| | ) | 21cr1119-H; 21cr1120-H |
| | ) | 21cr1121-H; 21cr1122-H |
| LONG NGOC TRAN, ET AL, | ) | 21cr1123-H; 21cr1124-H |
| Defendants. | ) | ORDER APPOINTING |
| | ) | COORDINATING DISCOVERY |
| | ) | ATTORNEY |
| | ) | |

Good cause having been shown and for reasons set forth in the motion of defense counsel Frederick M. Carroll, the Court GRANTS defense counsel's motion to appoint a Coordinating Discovery Attorney ("CDA") in these cases. (Doc. No. 110 in Case No. 21cr1109-H.) Accordingly, the Court appoints attorney John C. Ellis, Jr., California State Bar No. 228083, as the CDA in these cases for the sole purpose of coordinating discovery. See United States v. Flores, No. CR 12-00119 SI, 2014 WL 1308608, at *1 (N.D. Cal. Mar. 28, 2014) (Illston, J.) ("A Coordinating Discovery Attorney, appointed by the Court, has assisted defense counsel in electronically organizing the documents received and maintaining a database which will allow for use of the materials at trial.");

See also United States v. Galloway, No. 1:17-CR-01235-WJ, 2018 WL 2994409, at *4 (D.N.M. June 14, 2018) (Johnson, C.J.) ("The Court has appointed a Coordinating Discovery Attorney to assist counsel in organizing the material. [ ] The amount of discovery produced was a consideration in taking this step, but the main reason for the appointment was because the electronic nature of discovery production posed problems for defense counsel's ability to access and utilize the material produced."); United States v. Ledbetter, No. 2:14-CR-127, 2015 WL 5954587, at *2 (S.D. Ohio Oct. 14, 2015) (Marbley, J.) ("[T]he Court also appointed a 'Coordinating Discovery Attorney' to assist defense counsel 'in culling though the massive amounts of discovery the Government has furnished.'").

The CDA is to oversee any discovery issues that are common to all the defendants in these cases. The CDA's responsibilities will include:

(1) Managing and distributing discovery produced by the Government and relevant third-party information common to all defendants;

(2) Assessing the amount and type of case data to determine what types of technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

(3) Acting as a liaison with the prosecutors to ensure the timely and effective exchange of discovery;

(4) Identifying, evaluating, and engaging third-party vendors and other litigation support services;

(5) Assessing the needs of individual parties and identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

(6) Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

(7) Providing training and support services to the defense teams as a group and

individually.

The CDA is to assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel. Discovery issues specific to any particular defendant is to be addressed by defense counsel directly with the Government and not through the CDA.

The Government is to provide discovery to the CDA unless otherwise agreed. To avoid delay in providing discovery to defense counsel, any additional discovery not already produced is to be provided directly to the CDA, who will duplicate and distribute the discovery to all defense counsel. The Government is to work with the CDA to provide discovery in a timely manner.

The CDA's duties will not include providing additional representation services, and the CDA therefore will not be establishing an attorney-client relationship with any of the defendants. Accordingly, the appointment of Mr. Ellis as the CDA in this case is with the understanding that he will not provide any representational services for any of the defendants in this case. Furthermore, the Court reserves the right to revoke this appointment or modify existing and set additional guidelines for the CDA should the CDA's actions at any time conflict with the defendants' Sixth Amendment right to effective assistance of counsel and undivided loyalty of their attorney. See United States v. Elliot, 463 F.3d 858, 865 (9th Cir. 2006) ("The Sixth Amendment guarantees each criminal defendant the right to assistance of counsel unhindered by a conflict of interests.") (internal citations and quotations omitted); see also United States v. Hernandez, No. 14 CR 499 KBF, 2014 WL 4510266 (S.D.N.Y. Sept. 12, 2014) (Forrest, J.) (Discussing the Sixth Amendment implications when appointing a CDA in a criminal case.).

The CDA is to petition this Court, ex parte, for funds for outside services and is to monitor all vendor invoices for these services including confirming the work was as previously agreed. However, his time and the time spent by his staff will be paid by the Administrative Office of the United States Courts, Defender Services Office. Any

petition for outside services is to include a basis for the requested funds and a determination that the costs of the services are reasonable.

The CDA may also provide this Court with ex parte status reports depicting the status of work and if any third-party services are used, whether those services remain within the budget authorized by the Court.

The Clerk is directed to file this order on the docket of each above listed case number and is further directed to send a copy of this order to CJA Supervising Attorney Emily C. Bahr.

IT IS SO ORDERED.

DATED: May 18, 2021

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

Copy to:   Emily C. Bahr
           CJA Supervising Attorney